IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-56-GF-BMM-JTJ |
| Plaintiff, | |
| | FINDINGS AND |
| v. | RECOMMENDATIONS |
| DAMON JOEL CASTILLO, | |
| Defendant. | |

## I.    Synopsis

Defendant Damon Joel Castillo (Castillo) has been accused of violating conditions of his supervised release. (Doc. 62).  Castillo admitted the alleged violations. Castillo's supervised release should be revoked. Castillo should be sentenced to custody for 3 months, with 30 months of supervised release to follow.

## II.    Status

On April 3, 2023, Castillo pleaded guilty to the offense of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b) as charged in Count 1 of the Indictment.  (Doc. 58).  The Court sentenced Castillo to 20 months of custody, followed by 4 years of supervised

release. (Doc. 34). Castillo's current term of supervised release began on April 8, 2024.

**Petition**

On August 28, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Castillo's supervised release. (Doc. 62). The Petition alleged Castillo violated conditions of his supervised release by: (1) failing to comply with the instructions of his probation officer to contact the Fort Belknap Tribal court by July 10, 2025, regarding an outstanding 2023 warrant for the offenses of Criminal Possession of Dangerous Drugs with Intent, Criminal Possession of Dangerous Drugs, and Criminal Possession of Drug Paraphernalia; (2) failing to be available for a home visit by his probation officer on July 10, 2025; (3) failing to comply with the instructions of his probation officer to return home on July 10, 2025 for a home visit; (4) failing to comply with substance abuse testing on August 7, 2025; and (5) failing to comply with the instructions of his probation officer to return home on August 7, 2025 for a home visit.

**Amended Petition**

On September 16, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Castillo's supervised release. (Doc. 65). The Amended Petition alleged Castillo violated conditions of his supervised release

by the added violation of : (6) testing positive for methamphetamine on September 15, 2025.

### Initial Appearance

Castillo appeared before the Court on September 23, 2025. Castillo was represented by counsel. Castillo stated that he had read the Amended Petition and that he understood the allegations against him. Castillo waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on September 23, 2025. Castillo admitted that he had violated the conditions of supervised release as set forth in the Amended Petition. Castillo's admitted violations are serious and warrant revocation of his supervised release.

### Sentencing hearing

Castillo appeared before the Court on September 23, 2025. Castillo's violation is Grade C. His criminal history category is I. Castillo's underlying offense is a Class B felony. Castillo could be incarcerated for up to 36 months. Castillo could be ordered to remain on supervised release for 60 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Castillo's supervised release should be revoked.  Castillo should be sentenced to custody for 3 months, with 30 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Castillo that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Castillo of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Castillo that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That DAMON JOEL CASTILLO has violated the conditions of his supervised release by: (1) failing to comply with the instructions of his probation officer to contact the Fort Belknap Tribal court by July 10, 2025, regarding an outstanding 2023 warrant for the offenses of Criminal Possession of Dangerous Drugs with Intent, Criminal Possession of Dangerous Drugs, and Criminal Possession of Drug Paraphernalia;  (2) failing to be available for a home visit by his probation officer on July 10, 2025; (3) failing to comply with the instructions of his probation officer to return home on July 10, 2025 for a home visit; (4) failing to comply with substance abuse testing on August 7, 2025; (5) failing to comply with the instructions of his probation officer to return home on August 7, 2025 for a home visit; and (6) testing positive for methamphetamine on September 15, 2025.

The Court **RECOMMENDS:**

That the District Court revoke Castillo's supervised release and sentence Castillo to custody for 3 months, with 30 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 24th day of September 2025.


John Johnston
United States Magistrate Judge