IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAMON JOEL CASTILLO,<br><br>Defendant. | CR-22-56-GF-BMM-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS |

## I.    Synopsis

Defendant Damon Joel Castillo (Castillo) has been accused of violating the conditions of his supervised release. (Doc. 77). Castillo admitted most of the alleged violations.    Castillo's supervised release should be revoked. Castillo should be placed in custody for 3 months, with 27 months of supervised release to follow. During the first 90 days of supervised release, Castillo shall be subject to home detention.

## II.    Status

Castillo plead guilty on April 3, 2023 to the offense of Possession With Intent to Distribute Methamphetamine, in violation of 18 U.S.C §§ 841(a)(1), (b)(1)(B) as charged in Count II of the Indictment. (Doc. 38).   Castillo was sentenced to 20

months of custody, with 4 years of supervised release to follow. (Doc 58). Castillo's current term of supervised release began on December 15 , 2025.

**Petition**

On January 21, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Castillo's supervised release. (Doc. 77). The Petition alleged Castillo violated the conditions of his supervised release by: (1) using methamphetamine on January 8, 2026; (2) committing another federal, state or local crime by being arrested on January 18, 2026 by Fort Belknap Law Enforcement for the misdemeanor offenses of Assault and Criminal Contempt; and (3) consuming alcohol on or about January 18, 2026.

**Initial Appearance**

Castillo appeared before the Court on February 3, 2025. Castillo was represented by counsel. Castillo stated that he had read the Petition and that he understood the allegations against him. Castillo waived his right to a preliminary hearing.

**Revocation hearing**

The Court conducted a revocation hearing on February 3, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Castillo admitted that he had violated the conditions of supervised release as set forth in allegations 1 and 3 of the Petition. The Government moved to dismiss allegation 2,

which the Court granted.  The Court determined that Castillo's admitted violations, 1 and 3, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Castillo appeared before the Court on February 3, 2025.  Castillo's violations are Grade C.  His criminal history category is I.  Castillo's underlying offense is a Class B felony.  Castillo could be incarcerated for up to 36 months.  Castillo could be ordered to remain on supervised release for 48 months less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Castillo's supervised release should be revoked. Castillo should be placed in custody for 3 months, with 27 months of supervised release to follow. During the first 90 days of supervised release, Castillo shall be subject to home detention. This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Castillo that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Castillo of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Castillo that Judge Morris would consider

a timely objection before making a final determination on whether to revoke his

supervised release and what, if any, sanction to impose. Castillo waived his right to

appeal and to allocute before Judge Morris.

The Court **FINDS**:

That  DAMON JOES CASTILLO has violated the conditions of his supervised release by: (1) using methamphetamine on January 8, 2026; and (3) consuming alcohol on or about January 18, 2026.

The Court **RECOMMENDS:**

That the District Court revoke Castillo's supervised release and sentence Castillo to custody for 3 months with 27 months of supervised release to follow. During the first 90 days of supervised release, Castillo shall be subject to home detention.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the

district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 4th day of February 2026.

John Johnston
United States Magistrate Judge